IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THERESA DOLAN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | Trial By Jury Demanded |
| | ) | |
| WILMINGTON TRUST COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

## THE PARTIES

1. The plaintiff, Theresa Dolan, is a resident of the State of Delaware.

2. The defendant, Wilmington Trust Company is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is Wilmington Trust Company, Rodney Square North, 1100 N. Market Street, Wilmington, DE 19801.

## JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to the provisions 28 U.S.C. §§1331 and 1343, in that the matter in controversy arises under the laws of the United States of America.

4. This action is brought pursuant to the provisions of the "Age Discrimination In Employment Act of 1967", as amended, 29 U.S.C. §621 et.seq. ("ADEA"), and Title VII of the "Civil Rights Act of 1964", 42 U.S.C. §2000e, et.seq. as amended by the "Civil Rights Act of 1891".

5. Accordingly, this Court has jurisdiction over this Title VII matter pursuant to the provisions of 42 U.S.C. §2000e-59(f)(3), as well as 28 U.S.C. §§1331 and 1334.

## VENUE

6. Venue lies in this Court under the provisions of 28 U.S.C. §1391(b), since the events that gave rise to the plaintiff's claims took place within the State of Delaware.

## EXHAUSTION OF REMEDIES

7. Prior to the filing of this action, the plaintiff filed a timely charge of sex and age discrimination, attached hereto as Exhibit No. 1, simultaneously with the Delaware Department of Labor and the Equal Employment Opportunity Commission, on or about April 4, 2005, alleging discriminatory conduct.

8. On or about September 14, 2007 the Equal Employment Opportunity Commission issued to the plaintiff a "Dismissal and Notice of Rights", a copy of which is attached hereto as Exhibit No. 2, and this complaint is filed within 90 days of the receipt of such notice.

## THE FACTS

9. The plaintiff was hired by the defendant in December 1980, originally as a Branch Office Accountant.

10. During the plaintiff's approximately twenty-five (25) year tenure with Wilmington Trust, she received numerous promotions and positive evaluations.

11. During 1993 the plaintiff received a promotion to "Division Manager of Accounting Support" within the "Trust Operations & Systems Development Department".

12. In the position as the "Division Manager of Accounting Support" the plaintiff supervised approximately fifty (50) employees.

13. While occupying the position of "Division Manager of Accounting Support" the plaintiff's immediate supervisor was William Farrell, who, at the time of the termination of her employment was forty-seven (47) years of age, and whose title was "Executive Vice-President of

Corporate Client Services". Within that department, prior to Mr. Ferrell occupying the position, her immediate supervisor was a male employee, who was approximately ten (10) years younger than her.

14. Beginning in the year 2003, the plaintiff's duties were reduced in that her oversight of authority and degree of responsibility were reduced.

15. The reduction of such responsibilities was evidenced by the fact that she no longer supervised fifty (50) employees, and was reduced from division manager to section manager with the responsibility of managing only two or three individuals.

16. Her position, with its accompanying duties and responsibilities, were given to an employee 17 years younger than the plaintiff, whom the plaintiff had recruited, hired and trained.

17. As a result of the reduction in her position, oversight authority, and degree of responsibility the plaintiff was no longer a part of the distribution list for division managers, division meeting lists, was excluded from meetings, and her recommendations and decisions were overturned.

18. During the process of the plaintiff's reduction in oversight authority and degree of responsibility the plaintiff was told that she was no longer a part of the business future of the defendant.

19. When the plaintiff's title was changed from Division Manager to Section Manager, and her oversight authority and her degree of responsibility reduced, the plaintiff suffered financial consequences from those changes in that she was denied incentive payments, stock options, and bonuses, all of which she had received and participated in when her position was as Division Manager.

20. The result of the defendant's actions in reducing the plaintiff's oversight authority, degree of responsibility, and rejecting her participation in the day-to-day operations of her department created a hostile work environment in which no reasonable professional of the plaintiff's experience and rank, would subject themselves to under similar circumstances, with the result that the plaintiff was constructively discharged.

21. During the same period that the plaintiff was a "Division Manager" the defendant also employed two other division managers within her department, both males, substantially younger than the plaintiff.

22. During the time the plaintiff's oversight authority and responsibilities were reduced and her title changed from division manager to section manager, the other two division managers, referred to paragraph 21 continued to maintain their same duties and responsibilities, continued to receive incentive payments, stock options, and bonuses, and continued to participate in the department as division managers.

23. As a direct and proximate result of the discriminatory actions of the defendant, the plaintiff has lost, and in the future will continue to lose income and suffer damage to her earning capacity.

24. That as a further and direct proximate result of the discriminatory actions of the defendant, the plaintiff has suffered, and will in the future suffer great mental anguish, mental pain and suffering, and embarrassment.

## COUNT I
### Discrimination Under 29 U.S.C. §621 et.seq.

25. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 23.

26. The actions of the defendant in reducing the plaintiff's oversight and degree of responsibility, changing her job title, and denying her incentive pay, stock options, and bonuses, and replacing her by an employee substantially younger than her, constitutes discriminatory conduct based upon her age, in violation of 29 U.S.C. §621 et.seq.

### COUNT II
### Discrimination Under 42 U.S.C. §2000e

27. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 25.

28. The actions of the defendant, as described herein were discriminatory against the plaintiff based upon her sex, being female, in violation of 42 U.S.C. §2000e.

WHEREFORE, the plaintiff requests this Court to:

a. Enter a judgment against the defendant.

b. Enter a declaratory judgment stating that the actions of the defendant are in violation of plaintiff's rights.

c. Enter a judgment against the defendant for compensatory damages, including economic damages.

d. Enter a judgment against the defendant for liquidated damages provided.

e. Enter a judgment against the defendant including damages for plaintiff's pain and suffering, humiliation, embarrassment, and expenses for her personal injuries pursuant to 42 U.S.C. §2000e, et.seq.

f. Award plaintiff the cost of this action, interest, and reasonable attorney fees for this lawsuit.

g. Award such other and further relief as this Court deems just and appropriate.

                                                  ABER, GOLDLUST, BAKER & OVER

                                                  _____

                                                  GARY W. ABER (DSB #754)
                                                  702 King Street, Suite 600
                                                  P.O. Box 1675
                                                  Wilmington, DE  19899
                                                  (302) 472-4900
                                                  Attorney for Plaintiff

DATED:  December 7, 2007

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpsoe of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS<br>THERESA DOLAN<br><br>b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __New Castle__<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS<br>WILMINGTON TRUST COMPANY<br><br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __New Castle__<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, 702 King Street, Suite 600, Wilmington, DE 19801 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government
☐ 2 U.S. Government Defendant
☒ 3 Federal Question
☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XX 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

29 U.S.C. §621

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☒ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability | PERSONAL INJURY<br>☐ 362 Personal Injury– Med Malpractice<br>365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Property Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>LABOR<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>PROPERTY RIGHTS<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>SOCIAL SECURITY<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 422 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statues<br>☐ Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  |  |  |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Equipment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>XX 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Dealth Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Right |  |  |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION  ☐ UNDER F.R.C.P 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE: December 7, 2007    SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __07-795__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

__12/7/07__   x _[signature]_
(Date forms issued)   (Signature of Party or their Representative)

x  JOHN D. RITTER
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action