IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERESA DOLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILMINGTON TRUST COMPANY, )<br>)<br>Defendant. ) | C.A. No. 07-795 ***<br><br>JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT

### THE PARTIES

1. Admitted.

2. Admitted.

### JURISDICTION

3. Defendant does not have sufficient information to admit or deny this averment.

4. Admitted, but denied that there is any valid basis for the action.

5. Defendant does not have sufficient information to admit or deny this averment.

### VENUE

6. Admitted.

### EXHAUSTION OF REMEDIES

7. Denied, except admitted that Plaintiff filed a charge of sex and age discrimination on August 4, 2005.

8. Denied that a copy of the "Dismissal and Notice of Rights" was attached to the Complaint. Defendant is unable to admit or deny whether the Complaint was filed within ninety (90) days of the receipt of the said "Notice". Otherwise, admitted.

## THE FACTS

9. Admitted.

10. Denied, except admitted that Plaintiff was promoted and that some aspects of her evaluations were positive. For a further answer, Plaintiff was told repeatedly in her evaluations that her interpersonal relationship skills needed improvement.

11. Admitted.

12. Denied, except admitted that there were approximately fifty employees with Plaintiff's group.

13. Denied, except admitted that until approximately two years before Plaintiff retired, William Farrell, whose birthday is January 23, 1958, was her immediate supervisor. During the two years before her retirement, Plaintiff's immediate supervisor was Susan Stinson.

14. Denied, except admitted that Plaintiff's duties were changed in 2005.

15. Admitted that Plaintiff no longer supervised fifty (50) employees and that her title changed from division manager to section manager. Otherwise denied.

16. Denied, except admitted that Plaintiff was reassigned to a position that was expected to better utilize her skills, at no reduction in pay or benefits, and with the same

officer title. Janice Cirillo, who had reported to Plaintiff, was assigned to Plaintiff's former position.

17. Denied, except admitted that Plaintiff was no longer on the distribution list for division managers and no longer attended division manager meetings. She was invited to and did attend all other meetings.

18. Denied.

19. Denied. For a further answer, Plaintiff remained eligible for both stock options and incentive pay, but was not awarded either stock options or incentive pay because her performance did not merit it.

20. Denied.

21. Defendant does not have sufficient information to admit or deny this averment.

22. Defendant does not have sufficient information to admit or deny this averment.

23. Denied.

24. Denied.

## COUNT I
### Discrimination Under 29 U.S.C. § 621, *et seq.*

25. Defendant incorporates by reference herein its answers to paragraphs 1 through 23.

26. Denied.

Case 1:07-cv-00795-LPS    Document 4    Filed 01/03/2008    Page 4 of 6

## COUNT II
### Discrimination Under 29 U.S.C. § 2000e

27. Defendant incorporates by reference herein its answers to paragraphs 1 through 25.

28. Denied.

## AFFIRMATIVE DEFENSES

29. Plaintiff has failed to state a claim upon which relief can be granted.

30. To the extent that Plaintiff's Complaint was not filed within ninety (90) days of her receipt of a Notice of Right To Sue, all claims arising out of the underlying charge are time barred.

31. To the extent the Complaint is based upon conduct that was not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

32. Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

33. To the extent that the Plaintiff's hostile environment claim is based on timely and untimely conduct, all untimely acts are barred by the doctrine of laches.

34. All actions taken were for good cause and in good faith and based on reasonable factors other than sex or age.

35. Plaintiff is not entitled to recover compensatory or punitive damages under the Age Discrimination in Employment Act.

36. To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

WHEREFORE, Defendant demands that the Complaint be dismissed and that attorney's fees and costs be assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Sheldon N. Sandler*
Sheldon N. Sandler, Esquire (Bar I.D. 0245)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com
Attorneys for Defendant

Dated: January 3, 2008